UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION
**FILED**
September 14, 2007
**CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

BRIAN MAURICE BARKSDALE, )
    Petitioner, )
)
v. )
) 7:04-CV-165-R
)
NATHANIEL QUARTERMAN, Director, )
Texas Department of Criminal Justice, )
Correctional Institutions Division, )
    Respondent. )

## MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate currently confined in the Ramsey I Unit of the Texas Department of Criminal Justice ("TDCJ") in Rosharon, Texas.[1]

Petitioner seeks to challenge the validity of disciplinary action no. 20040237079, taken against him at the Allred Unit, in which he was charged with assaulting an officer. *Petition ¶ 17; Memorandum in Support of 2254 Habeas Corpus p.2 (hereinafter "Petitioner's Memorandum p.___").* As a result of the disciplinary case, he lost 730 days of previously earned good time credits, his custodial classification level was reduced, he was placed on 45 days of commissary and

---

[1] On the date of filing, Petitioner was confined in the James V. Allred Unit which is located within the geographical boundaries of the Northern District of Texas, Wichita Falls Division. Therefore, this Court has the authority to review the petition. *See Wadsworth v. Johnson*, 235 F.3d 959, 960 (5th Cir. 2000) (proper venue in a habeas action lies where the Petitioner was convicted or where he is incarcerated).

cell restrictions and he was held in solitary confinement for 15 days. *Id. at ¶ 18.* In support of his petition, Barksdale presents the following grounds for relief:

1. He was denied the right to an impartial disciplinary hearing officer ("DHO") because the officer improperly weighed evidence, failed to question witnesses and failed to properly investigate the charging officer's allegations, all in violation of TDCJ guidelines;

2. He was denied the right to cross examine the charging officer;

3. There was insufficient evidence to support a finding of guilt;

4. Petitioner acted only in self-defense against the use of excessive force;

5. He was denied the right to access evidence for his administrative appeal, and;

6. Another inmate refused to testify on behalf of Petitioner out of fear of staff retaliation;

*Petition ¶¶ 20.A-D; see Petitioner's Memorandum.*

The due process rights of prisoners are generally limited to freedom from restraint which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Restrictions which merely alter the conditions of confinement do not implicate due process. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (commissary and cell restrictions); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (same). A prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi*, 211 F.3d at 957-58; *see also Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.) (finding that Texas prisoners have no protected liberty interest in early release on parole), *cert. denied*, 501 U.S. 1210, 111 S.Ct. 2809 (1991).

When a prisoner has a protected liberty interest in the loss of accrued good time credits, the revocation of such credits must comply with minimal procedural due process. *Henson v. United*

*States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *see Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975 (1974) (holding that prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). These minimal requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the opportunity to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied upon and the reasons for any disciplinary action taken. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80. The second requirement under *Wolff* is limited in that confrontation and cross-examination of witnesses is not constitutionally required, *id.* at 567-68, 94 S.Ct. at 2980; *Wade v. Farley*, 869 F.Supp. 1365, 1375 (N.D. Ind. 1994), and prison officials may, at their discretion, limit the number of witnesses called without offering an explanation to the prisoner. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80. In addition to the due process safeguards outlined above, the Fifth Circuit Court of Appeals has held that it is a due process violation to punish a prisoner for conduct that he could not have known was prohibited. *Reeves v. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994); *Adams v. Gunnell*, 729 F.2d 362, 369-70 (5th Cir. 1984).

The Court initially observes that a reduction in custodial classification and temporary restrictions on privileges as a result of a prison disciplinary action do not implicate due process concerns. *See Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768. Similarly, temporary solitary confinement is not constitutionally infirm. However, Petitioner lost previously earned good-time credits and he is eligible for release to mandatory supervision. *Petition ¶¶ 16 & 18.* Therefore, he

has a constitutionally protected liberty interest sufficient to justify the consideration of his petition on the merits. *See Malchi*, 211 F.3d at 958-59.

In his first ground for relief, Petitioner claims he was denied the right to an impartial disciplinary hearing officer ("DHO") because the officer improperly weighed evidence, failed to question witnesses and failed to properly investigate the charging officer's allegations, all in violation of TDCJ guidelines. *See Petition.* In the context of a prison disciplinary action, the impartial tribunal requirement dictates that an official with direct, personal or other substantial involvement in the circumstances giving rise to the charge may not participate as a hearing officer. *Rhodes v. Robinson*, 612 F.2d 766, 773 (3d Cir. 1979); *Wilson v. Superior Court*, 21 Cal. 3d 816, 825, 148 Cal. Rptr. 30, 37, 582 P.2d 117, 124 (1978). Additionally, a hearing officer should not have any pre-existing bias or opinion which would preclude him from making a fair, impartial and informed decision. *See Morrissey v. Brewer*, 408 U.S. 471, 486, 92 S.Ct. 2593, 2602 (1972).

In the instant case, Barksdale makes no claim that the hearing officer was involved in the circumstances underlying the charge against him or that the officer had some pre-determined opinion or bias against him. Indeed, Barksdale's claim of impartiality is wholly conclusory and unsupported by the record. "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Barksdale claims that the DHO improperly weighed evidence and failed to properly investigate the charging officer's allegations. However, he fails to state what evidence was improperly weighed and why such consideration by the DHO was improper, and he fails to explain why the DHO's investigation of the charging officer's allegations was improper or what kind of

investigation should have been conducted. In short, Petitioner's subjective belief that he was denied a fair hearing before an impartial hearing officer, without more, is insufficient to warrant habeas relief.

Petitioner claims that the DHO failed to question witnesses. Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986), *cert. denied*, 479 U.S. 1030, 107 S.Ct. 873 (1987). Where the only evidence of a missing witness's testimony is provided by the habeas petitioner, federal courts view his claims with great caution. *Id.* (citing *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)). A meritorious claim of uncalled witnesses requires that a habeas petitioner show not only that the testimony would have been favorable, but also that the witness would have so testified during the proceeding. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). In the instant case, Petitioner has failed to identify any witnesses, favorable on his behalf, that could have been questioned by the DHO. Furthermore, he has failed to articulate the substance of any such witnesses testimony and show that they would have so testified. Even if he had, the hearing officer was not required to allow the witnesses or give reasons for denying the witnesses. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80. Therefore, Petitioner is not entitled to relief on this ground.[2]

Petitioner's assertion that TDCJ guidelines were violated by the DHO does not demonstrate a due process violation. It is well settled that a prison authority's failure to follow internal rules or administrative procedures does not, in itself, give rise to any issue of constitutional magnitude as

---

[2] The Court notes that written witness statements were read into the record during Barksdale's hearing. *Disciplinary Hearing Tape.*

long as minimum constitutional requirements are met. *E.g. Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Barksdale has not shown that the alleged failures on the part of the DHO resulted in any constitutional violation.

Next, Petitioner claims that he was denied the right to cross examine the charging officer. As discussed earlier, confrontation and cross-examination of witnesses is not constitutionally required. Therefore, Petitioner is not entitled to relief on this ground.

Barksdale alleges that there was insufficient evidence to support a finding of guilt. Federal habeas review of the sufficiency of the evidence in a prison disciplinary action is extremely limited. Due process requires only "some evidence" to support the findings made in the disciplinary hearing. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2774 (1985); *see Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (requiring the court to determine whether "any evidence at all" supports disciplinary action taken by prison officials), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619 (1982). In the case at bar, the hearing officer relied on the charging officer's report and the fact that Barksdale admitted to hitting the officer. *Disciplinary Hearing Packet p. 1; Disciplinary Hearing Tape.* Such evidence constitutes some evidence of guilt. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001) (finding that a prison incident report alone constitutes "some evidence" of guilt). Thus, any challenge to the sufficiency of the evidence must fail.

In his next ground for relief, Petitioner argues that he acted only in self-defense against the use of excessive force after the officer grabbed his testicles during a search. *See Petition; Disciplinary Hearing Tape.* In essence, Petitioner claims that he had a meritorious defense to the charge of assaulting an officer. Unfortunately, this Court is without authority to retry the

disciplinary case on the merits.  "[This] court is not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh evidence." *Hudson*, 242 F.3d at 538 (Pogue, J., specially concurring).  Federal courts hold no appellate authority over prison disciplinary proceedings and may intervene only to correct errors of constitutional magnitude.  *See Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948 (1982).  Federal courts "do not sit as a super state supreme court in habeas corpus proceedings to review errors under state law." *Cronnon v. State of Alabama*, 587 F.2d 246, 250 (5th Cir.), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542 (1979). Barksdale's claim that he acted in self-defense against an overzealous guard is not a ground for habeas relief which this Court will review.

Next, Barksdale claims that he was denied the right to access evidence for his administrative appeal.  *See Petition.*  The AEDPA provides in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>     (3) ...
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  Thus, it is clear that exhaustion of available state remedies is a prerequisite to filing a petition for habeas corpus relief in federal court.  *See Dickerson v. State of Louisiana*, 816

F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is designed to protect the state's role in the enforcement of federal law and prevent the disruption of state proceedings. *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982). Moreover, the exhaustion of state remedies assists the federal courts by developing a factual record, allowing the application of the state's correctional expertise to the prisoner's claims, and hopefully resolving disputed issues without the necessity of federal court intervention. *See e.g., Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056 (1989); *McKart v. United States*, 395 U.S. 185, 193-195, 89 S.Ct. 1657, 1662-63 (1969); *Williams v. O'Brien*, 792 F.2d 986 (10th Cir. 1986). This statutory deference to state review also applies to a habeas action challenging the procedures and punishments arising in a prison disciplinary action for which appeal is available through the grievance process in Texas. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir.1980), *cert. denied*, 449 U.S. 1085, 101 S.Ct. 873 (1981). Such an appeal has been construed to constitute "the right under the law of the State to raise, by any available procedure, the question presented." *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978) (quoting 28 U.S.C. § 2254(c)), *cert. denied*, 444 U.S. 848, 100 S.Ct. 95 (1979).

When a habeas action is based on a challenge to a prison disciplinary case, the petitioner is not required to present his claims to the Texas Court of Criminal Appeals through the state habeas process because that court has stated it will not entertain challenges to prison disciplinary proceedings. *Ex parte Palomo*, 759 S.W.2d 671 (Tex. Crim. App. 1988). Therefore, an inmate must exhaust his administrative remedies by following the two-step grievance procedure available in Texas prisons prior to filing a petition in federal court. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (citations omitted).

Review of the record in the instant case reveals that Petitioner did not raise the claim that he was denied the right to access evidence for his administrative appeal in either his Step 1 or Step 2 grievance. Therefore, this ground for relief is unexhausted and procedurally barred. Moreover, due process does not attached to the administrative grievance process. Therefore, Barksdale cannot prevail on this ground.

In his final ground for relief, Petitioner complains that another inmate refused to testify on behalf of Petitioner out of fear of staff retaliation. The record reflects that the inmate, Tony Hunter, stated, "I do not want to get involved because of risk of retaliation from staff." *Disciplinary Hearing Packet p. 11.* While it is unfortunate that an inmate would have such a fear, prison officials cannot force an inmate to testify in a disciplinary proceeding. Petitioner makes no claim that inmate Hunter was threatened by guards and there is nothing in the record to indicate any such threat. Hunter's decision not to testify does not give rise to a denial of due process on the part of TDCJ officials. Therefore, Barksdale is not entitled to relief.

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 14th day of September, 2007.

JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE